# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY ANDREWS, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. 09-00825-KD |
| vs. | ) CRIMINAL NO. 07-00294-KD-B |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Timothy Andrews, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Docs. 108, 111). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2255 Cases. Following a careful review of Petitioner's Motion, and the documentation filed in connection therewith (Doc. 122), the undersigned recommends that the instant motion be denied for the reasons set forth herein.

In his amended motion, filed January 19, 2010, Andrews asserts two (2) claims of ineffective assistance of counsel. According to Andrews, his trial counsel was ineffective due to: (1) his failure to file a notice of appeal as requested and (2) his failure to inform Andrews that he had filed a motion to dismiss his appeal. (Doc. 111). The Government, on June 11, 2010, filed a response in opposition to the motion to vacate (Doc. 120), wherein it argues

that Andrews' claims lack merit and should be denied. The Government also requested an evidentiary hearing to resolve Andrews' second claim.[1] (Id.)

> A claim of ineffective assistance of counsel requires both objectively unreasonable performance and prejudice to the petitioner from that deficient performance. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477. Moreover, "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." Id. (internal quotes omitted). In other words, "[p]rejudice is presumed." Gomez-Diaz v. United States, 433 F.3d 788, 790 (11th Cir. 2005).
>
> The same principles apply even when the petitioner, as here, has signed a partial appeal waiver. "If the evidence establishes . . . that Petitioner's attorney acted contrary to his client's wishes, . . . prejudice is presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal

---

[1] In § 2255 proceedings, an evidentiary hearing is not required in every case. For instance, "a district court need not hold an evidentiary hearing for 'patently frivolous claims or those which are based upon unsupported generalizations' or 'where the petitioner's allegations are affirmatively contradicted by the record.'" Greer v. United States, 2009 U.S. App. LEXIS 26424, *4 (11th Cir. 2009) (quoting Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989)). However, if the petitioner alleges facts that, if true, would entitle him to relief, a district court should order an evidentiary hearing. Greer, 2009 U.S. App. LEXIS 26424; Aron v. United States, 291 F.3d 708, 714-15.

2

> waiver." Gomez-Diaz, 433 F.3d at 793.
>
> ... Even if no request to appeal is made, counsel is obligated to consult with his client if either "a rational defendant would want to appeal" or the client has "reasonably demonstrated to counsel that he [i]s interested in appealing." Flores-Ortega, 528 U.S. at 479. To satisfy the consultation obligation when it arises, counsel must "advis[e] the defendant about the advantages and disadvantages of taking an appeal and mak[e] a reasonable effort to discover the defendant's wishes." Id. at 478. If counsel has a duty to consult but fails to satisfy it, his deficient performance is established, and the defendant establishes resulting prejudice by showing that, but for counsel's failure to consult, he would have appealed. Gomez-Diaz, 433 F.3d at 792.
>
> Relevant factors in determining if a rational defendant would want to appeal include: (1) "whether the conviction follows a guilty plea"; (2) "whether the defendant received the sentence he bargained for"; (3) "whether the plea [agreement] expressly . . . waived some or all appeal rights"; and (4) whether there are "nonfrivolous grounds for appeal." Otero v. United States, 499 F.3d 1267, 1270-71 (11th Cir. 2007) (internal quotes omitted).

Gavin v. United States, 2009 WL 692046, *1-2 (S.D. Ala. Mar. 13, 2009).

With respect to Andrews' first claim, the record clearly reflects that notwithstanding his assertion, his trial counsel did in fact file a notice of appeal on December 24, 2008. (Doc. 96). Thus, his first claim, that his counsel was ineffective for his failure to file a notice of appeal, is without merit.

3

As noted supra, in his second claim for relief, Andrews asserts that his counsel was ineffective for failing to inform him that he filed a motion to dismiss his appeal. (Doc. 111 at 4). A review of the record reflects that Andrews' trial counsel, Attorney Paul Brown, filed a Notice of Appeal on Andrews' behalf on December 24, 2008 (Doc. 96). Brown later filed a motion seeking to withdraw as Andrews' counsel on appeal. In the motion, which was filed on January 12, 2009, Brown explained that Andrews had instructed him to file an appeal despite the appeal waiver in Andrews' Plea Agreement; thus, Brown was seeking to withdraw as counsel for Andrews on appeal. (Doc. 99). Subsequent thereto, Brown, on January 22, 2009, filed a request to withdraw his Motion to Withdraw and a motion to dismiss Andrews' appeal with prejudice. (Doc. 101); see (Doc. 104). According to Brown, Andrews had requested, by letter and telephone call, that the appeal be withdrawn and that Brown continue to represent him in his efforts to provide substantial assistance to the Government. Thus, on January 22, 2009, Brown sought to withdraw his Motion to Withdraw, and to dismiss Andrews' appeal with prejudice. Brown's request to withdraw his Motion to Withdraw was granted on January 26, 2009. (Doc. 102). Later, on March 5, 2009, the Eleventh Circuit Court of Appeals granted the motion to dismiss Andrews' appeal. (Doc. 104). Thereafter, Andrews filed a pro se Motion to Set Aside Dismissal in the Eleventh Circuit; however, the motion was denied on April

4

28, 2010. (Docs. 113, 117).

In support of its opposition to Andrews' request for habeas relief, the Government submitted a copy of Brown's affidavit, which was filed with the Eleventh Circuit in response to Andrews' pro se Motion to Set Aside Dismissal. (Doc. 120, Ex. 1). In the affidavit, Brown avers that Andrews requested, by letter and telephone call, that his appeal be withdrawn and that Brown continue to represent him in his efforts to provide substantial assistance to the Government.

On July 9, 2010, at the Court's direction, Brown provided to the Court the letter referenced in his affidavit.[2] (Doc. 122). In the letter, which is signed "Mr. Timothy Andrews," the writer states: "I do 'not' want to appeal, do [sic] to my plea agreement[.] I understand now that it will bring about problems." (Doc. 122-2). While the letter does not explicitly request that

---

[2] In an Order dated July 2, 2010 (Doc. 121), the undersigned found that Andrews' letter bears directly on his ineffective assistance of counsel claim, and could help to resolve the conflict without need of an evidentiary hearing. The undersigned also determined that the attorney-client privilege did not apply to the contents of Andrews' letter to Brown because Andrews waived such privilege as a result of his ineffective assistance of counsel claims. See Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) ("[A] party 'waives its attorney-client privilege when it injects into ... litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.'") (citing GAB Bus. Servs., Inc. v. Syndicate 627, 809 F.2d 755, 762 (11th Cir. 1987)). In light of the waiver, the Court directed Brown to submit the letter referenced in his affidavit.

Brown withdraw the appeal, it does state that Andrews no longer wished to pursue an appeal. As such, the letter supports Brown's assertion that Andrews informed him by letter and during a telephone call that he no longer wished to continue his appeal, and as a result, Brown requested dismissal of the appeal. Additionally, while Andrews was provided an opportunity to show cause why his petition should not be dismissed in light of the letter and other record evidence, he has not disputed the assertions contained in the letter nor has he responded to the Court's show cause order.[3] Thus, Andrews' assertions that his counsel was ineffective in dismissing his appeal is affirmatively contradicted by the record evidence, including Andrews' own letter. Accordingly, no evidentiary hearing is necessary, and this action is due to be dismissed. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous"). See also Bennett v. United States, 2010

---

[3] In an Order dated August 20, 2010 (Doc. 123), Andrews was directed to show cause, by September 20, 2010 why his § 2255 petition should not be denied based on the letter and other information provided by Brown. As of today's date, Andrews has

U.S. Dist. LEXIS 14548, *6 (S.D. Ala. Jan. 20, 2010) (finding that "scant and unsupported (or even non-existent) claims are properly disposed of on their face").

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

not filed any response to the Court's Order.

ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Neither of Andrews' claims are such as would warrant the issuance of a Certificate of Appealability. Reasonable jurists could not debate whether Andrews' claims alleging ineffective assistance of counsel in relation to his direct appeal should be resolved in a different manner or deserve to proceed further. The recommendation that these claims be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the claims on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability.

8

CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Docs. 108, 111) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Timothy Andrews. The undersigned Magistrate Judge is also of the opinion that Andrews is not entitled to issuance of a Certificate of Appealability. It is so recommended.

The attached sheet contains important information regarding objections to this Report and Recommendation.

Done this **5th** day of **October, 2010.**


        **/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. ***Objection***. Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (Applicable Where Proceedings Tape Recorded)***.

---

[4]The Court's Local rules were amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.